# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. MARTIN,

        Petitioner,     :     Case No. 3:19-cv-189

- vs -     District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

Warden,
  London Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY AND TO EXPAND THE RECORD

This habeas corpus case, brought *pro se* by Petitioner Michael Martin, is before the Court on Petitioner's Motion for Discovery and Expansion of the Record (ECF No. 14). Martin seeks production of

> (1) The complete Police video interrogation of the Petitioner Michael J. Martin conducted on the night of march 26th 2016 around 11:30 pm. This interrogation was conducted by Dayton homicides Det. Thomas Cope and Det. David House.
>
> (2) The complete police video interrogation of State's witness Ms. Lisa Busbee on the same night in question, which is march 26th 2016 conducted by Det. Thomas Cope or Det. David House of the Dayton Police Department.
>
> (3) The complete written police report of Mr. Ebert Soles statements generated by Det. David House on march 26th 2016.

(Motion, ECF No. 14, PageID 1566).

Rule 6 of the Rules Governing § 2254 Cases provides for discovery in habeas cases.

1

However, a habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In his Motion, Martin does not identify how the information he seeks relates to the grounds for relief in his Petition. In the Motion, he claims prosecutorial misconduct in showing a brief clip from his interrogation in which he said "I locked the doors." He claims this clip misrepresents the time at which he said he locked the doors (Motion, ECF No. 14, PageID 1564). Next he claims his trial attorney failed to introduce evidence of why he was carrying a firearm, but says the video

2

of his interrogation would show why he was armed. *Id.* Next, he claims Ms. Lisa Busbee's statements in her interrogation are inconsistent with her trial testimony. *Id.* at PageID 1565. Finally, he claims the written police report of the interview with Ebert Soles "will show the phone found at the scene had nothing to do with the case." This report is said to support Martin's claim of ineffective assistance of trial counsel because the interviewing officer was not called to testify. *Id.*

The apparently relevant Grounds for Relief are Ground Six (ineffective assistance of trial counsel in impeaching Busbee and Soles) and Ground Eight (prosecutorial misconduct). Martin makes clear in his Petition that the video of Busbee and the written report of the Soles interview were turned over to his counsel prior to trial. While he does not say so in his Grounds for Relief, the video of his interrogation would also have been producible in discovery under Ohio R. Crim. P 16. It also appears from his motion papers that the items he seeks in discovery were not before the jury, except for the brief clip about his locking the doors. That presumably is why Martin wants these items added to the record so that this Court can consider them as evidence supporting his claims.

The Supreme Court has severely limited the evidence a district court can consider in a habeas case, at least with respect to issues decided on the merits by the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011). If the state courts have thus decided an issue, the district court cannot hold an evidentiary hearing or expand the record to add more evidence until and unless it has decided that the state court decision is an objectively unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts on the basis of the evidence presented. 28 U.S.C. § 2254(d)(1) and (2). That is, this Court must evaluate the state court decision on the basis of evidence the state court had before it, not evidence added to the

3

record after the case came to federal court.

Accordingly, the Motion for Discovery and to Expand the Record is DENIED without prejudice to its renewal if the Court rejects deference to the state court decision under 28 U.S.C. § 2254(d).

December 20, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge