# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. MARTIN,

            Petitioner,    :    Case No. 3:19-cv-189

  - vs -                            District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

Warden,
  London Correctional Institution,

                                      :
            Respondent.

# DECISION AND ORDER DENYING MOTION TO STAY AND HOLD IN ABEYANCE

This habeas corpus case is before the Court on Petitioner's Motion to Say this case and hold it in abeyance "due to unexhausted litigation in Case No. 2016-CR-00977." (ECF No. 25, PageID 1633). Petitioner refers to a motion for new trial in that case.

Case No. 2016-CR-00977 on the docket of the Court of Common Pleas of Montgomery County, Ohio, is the underlying criminal case in which Petitioner was convicted. On September 21, 2018, Petitioner filed in that case a motion for leave to file a motion for new trial based on newly-discovered evidence. That motion was filed nine months before Martin filed his habeas corpus Petition in this Court on June 14, 2019.

Even before Petitioner filed here, the Common Pleas Court had denied his motion, holding that the fact that the interior illumination lights on his car would come on when someone opened the door was a feature of which he could have learned during the 120 days allowed for filing a motion for new trial under Ohio law (Decision, Order and Entry, State Court Record, ECF No. 10,

1

PageID 511). Martin filed an untimely appeal from that decision and the Second District Court of Appeals dismissed the appeal as untimely September 6, 2019. (Case No. 28494, State Court Record, ECF No. 10, PageID 525-26).

Martin claims that this appellate case "is now or will be soon before the Ohio Supreme Court." However the docket of the Montgomery County Clerk of Court shows no notice of appeal to the Supreme Court of Ohio as of February 24, 2020.[1] A litigant must appeal an adverse decision in the Ohio intermediate appellate courts to the Supreme Court of Ohio within forty-five days from judgment. In this case that time expired September 20, 2019. Martin has not suggested any basis on which the Supreme Court of Ohio could or would accept an appeal that was five months late.

Because Martin has failed to show that a late appeal to the Supreme Court of Ohio from denial of a motion for new trial is an available state court remedy, a stay order is unjustified under *Rhines v. Weber*, 544 U.S. 269 (2005). The Motion to Stay is therefore DENIED.

February 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] www.clerk.co.montgomery.oh.us/pro, visited February 24, 2020.