# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. MARTIN,

        Petitioner,   :   Case No. 3:19-cv-189

  - vs -                     District Judge Walter H. Rice
                             Magistrate Judge Michael R. Merz

Warden,
  London Correctional Institution,

                                     :

        Respondent.

# DECISION AND ORDER DENYING MOTION TO RECONSIDER

This habeas corpus case is before the Court on Petitioner's "Motion for Reconsideration for Discovery Pursuant to Criminal 6 A & B" (ECF No. 32).

Petitioner previously moved for discovery (ECF No. 14). After the Magistrate Judge denied discovery (ECF No. 15), Petitioner objected (ECF No. 16). District Judge Rice re viewed those objections and recently overruled them, based on the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011) (ECF No. 31).

Petitioner now seeks reconsideration of the Court's denial of discovery. As a reminder, the discovery he seeks, as well as expansion of the record width the results, is

> (1) The complete Police video interrogation of the Petitioner Michael J. Martin conducted on the night of march 26th 2016 around 11:30 pm. This interrogation was conducted by Dayton homicides Det. Thomas Cope and Det. David House.
>
> (2) The complete police video interrogation of State's witness Ms. Lisa Busbee on the same night in question, which is march 26th

1

>    2016 conducted by Det. Thomas Cope or Det. David House of the Dayton Police Department.
>
>    (3) The complete written police report of Mr. Ebert Soles statements generated by Det. David House on march 26th 2016.

(Motion, ECF No. 14, PageID 1566).

Petitioner makes clear he wants this Court to examine these materials in camera. When it does, he believes it will "the most egregious behavior of a trial court, prosecutor, and trial counsel in your profession." (Motion, ECF No. 32, PageID 1651.) The materials sought, of course, will not actually show the trial judge, prosecutor, or Petitioner's trial counsel. Instead, Petitioner seems to say that if this Court looks at these materials, it will understand that he is not guilty of murder because it will show why he was armed at the time and why he shot the victim. He concludes that the "requested materials will end this case, for the whole truth will be known." *Id.* at PageID 1652.

Petitioner asks "Furthermore, what is C.R. 6 A & B for[?] Is it just for rich people, or white people [?] Why is [it] even on the books if one cannot even seek discovery? This case begs for it, and the whole truth is what this court or any court should be interested in." *Id.* at PageID 1652-53.

Although Petitioner refers to "Criminal Rules 6 A & B," the Magistrate Judge understands his request for discovery is under Rules 6(a) and (b) of the Rules Governing § 2254 Cases, that is cases such as this one brought in habeas corpus to challenge state court convictions. Those are the correct rules for seeking discovery in a habeas corpus case. However, as explained in the Magistrate Judge's prior decision denying the discovery Petitioner seeks, discovery in a habeas corpus case is not automatic. It does not depend on whether the person seeking discovery is rich or white, but on whether it is likely to produce evidence the habeas corpus court can consider.

2

As explained by Judge Rice in his decision overruling the objections, a habeas corpus court cannot consider materials such as those Petitioner seeks unless it has first decided that the decision of the state courts is unreasonable, based on the fact that were before those courts. That is the implication of the *Pinholster* decision from the Supreme Court, which this Court must obey. Because Petitioner's Motion for Reconsideration does not show Judge Rice misinterpreted *Pinholster*, the Motion for Reconsideration is DENIED.

March 31, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge