# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. MARTIN,

            Petitioner,     :    Case No. 3:19-cv-189

  - vs -                             District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

Warden,
  London Correctional Institution,

                                              :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations on the merits of the case ("Report," ECF No. 22). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 30).

When a habeas corpus petitioner objects to a Magistrate Judge's report and recommendations, the District Judge is obliged to review *de novo* those portions of the report to which specific objection is made. This Supplemental Report will therefore discuss specific objections made by Petitioner, rather than repeat the substance of the original Report which is thirty-two pages long. Unless amended herein, the Magistrate Judge stands on his original analysis.

Martin's Objections are structured around his argument that a true presentation of the facts of his case would lead to his acquittal under the "Castle Doctrine" as enacted by the General

Assembly in Ohio Revised Code § 2901.05(B). This has been his consistent argument throughout the case at every stage. It underlies all his claims in habeas corpus: trial court error in giving jury instructions (Ground One), ineffective assistance of trial counsel in not objecting to the jury instructions (Ground Two), insufficiency/manifest weight of the evidence (Ground Three), ineffective assistance of appellate counsel regarding the jury instructions (Ground Four), and regarding Petitioner's exclusion from the jury instruction conference (Ground Five), ineffective assistance of trial counsel in cross-examining Lisa Busbee and Elbert Soles (Grounds Six and Seven), and prosecutorial misconduct in allowing the untruthful testimony of those witnesses to stand uncorrected (Ground Eight). Any other construction of the facts he characterizes as "dimwitted." (Objections, ECF No. 1641). He has twice sought discovery in the case so that proof of the facts as he sees them can be added to the record so that this Court can find the truth of the case.

Martin's theory of his innocence rests on his reading of the "Castle Doctrine" in Ohio Revised Code §§ 2901.05(B) and 2901.09(B). He objects strenuously and repeatedly to any mention of self-defense in the jury instructions or in the analysis of the case. Contrary to Martin's understanding, however, the castle doctrine is not independent of the affirmative defense of self-defense, but an integral part of it.

The Sixth Circuit has held the right to assert self-defense is a fundamental right and failure to give an instruction on self-defense when the evidence warrants it deprives a defendant of due process. *Taylor v. Withrow,* 288 F.3d 846 (6th Cir. 2002). But self-defense as used in criminal law, both at common law and as codified in Ohio law at least since recodification in 1974, is an affirmative defense. As with any other affirmative defense, the burden is on a defendant to prove self-defense by a preponderance of the evidence. The United States Supreme Court has expressly

held allocating the burden of production and proof in that way is constitutional. *Martin v. Ohio,* 480 U.S. 228 (1987). At the time of that decision and as of the time of the shooting in this case (2016), Ohio law provided, in Ohio Revised Code § 2901.05(A):

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.

Justice White's opinion for the Court in *Martin* recognized that in Ohio law

> An affirmative defense is one involving "an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." Ohio Rev. Code Ann. § 2901.05(C)(2)(1982). The Ohio courts have "long determined that self-defense is an affirmative defense," 21 Ohio St. 3d 91, 93, 488 N. E. 2d 166, 168 (1986), and that the defendant has the burden of proving it as required by § 2901.05(A).
>
> As defined by the trial court in its instructions in this case, the elements of self-defense that the defendant must prove are that (1) the defendant was not at fault in creating the situation giving rise to the argument; (2) the defendant had an honest belief that she was in imminent danger of death or great bodily harm, and that her only means of escape from such danger was in the use of such force; and (3) the defendant did not violate any duty to retreat or avoid danger.

480 U.S. at 230. The Ohio Supreme Court recognized those elements of self-defense three years later in *State v. Williford,* 49 Ohio St.3d 247 (1990), cited by the Second District in this case. *State v. Martin*, 2017-Ohio-7431 ¶ 39 (Ohio App. 2nd Dist. Sep. 1, 2017).

The castle doctrine was codified in Ohio Revised Code § 2901.09(B) in 2008:

> For purposes of any section of the Revised Code that sets forth a criminal offense, a person who lawfully is in that person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence, and a person who lawfully is an occupant of that person's vehicle or who lawfully is an occupant in a vehicle owned by an immediate family member of

the person has no duty to retreat before using force in self-defense
or defense of another.

Enacted 152 v S184[1], effective Sept. 9, 2008. In the very same statute, the General Assembly added subsection (B) to Ohio Revised Code § 2901.05. As thus enacted § 2901.05(B) provided, as of the date of the offenses, charged in the indictment:

> (B)
>> (1) Subject to division (B)(2) of this section, a person is presumed to have acted in self-defense or defense of another when using defensive force that is intended or likely to cause death or great bodily harm to another if the person against whom the defensive force is used is in the process of unlawfully and without privilege to do so entering, or has unlawfully and without privilege to do so entered, the residence or vehicle occupied by the person using the defensive force.
>>
>> (2)
>>> (a) The presumption set forth in division (B)(1) of this section does not apply if the person against whom the defensive force is used has a right to be in, or is a lawful resident of, the residence or vehicle.
>>>
>>> (b) The presumption set forth in division (B)(1) of this section does not apply if the person who uses the defensive force uses it while in a residence or vehicle and the person is unlawfully, and without privilege to be, in that residence or vehicle.
>>
>> (3) The presumption set forth in division (B)(1) of this section is a rebuttable presumption and may be rebutted by a preponderance of the evidence.

Thus the castle doctrine as codified here does not create a separate defense, as Petitioner seems to assert. Rather, it modifies the duty to retreat element of self-defense if one is defending one's home or car from someone who is entering it without privilege to do so. It does not give a

---

[1] Martin strongly argues that S.B. 184 was enacted for all the people, not just rich white men. Of course that is true: the statute contains no facial limitations such as race or wealth. But Martin fails to explain what relevance that observation has to the case. This Court's interpretation of the castle doctrine is not wealth or race dependent.

person who is defending his home or car the privilege of shooting someone who enters it without the privilege to be there; it merely modifies the duty to retreat in those circumstances. Thus Petitioner's claim that he was defending only under Ohio Revised Code § 2901.05(B) and not 2901.05(A) misunderstands Ohio self-defense law. 2901.05(B) must be applied with 2901.05(A); it is not a separate defense.

In addition to this mistake of law, Petitioner's Objections also show a misunderstanding of the fact-finding process in a habeas corpus case. Petitioner claims there are a number of things a "reasonable-minded jurist[2]" would know that prove his case:

1. A reasonable-minded jurist would know the relationship between Lisa Busbee, the woman in the car with Martin, and Gary Tisdale, the man Martin shot was that Tisdale was Busbee's drug dealer (Objections, ECF No. 29, PageID 1643).

2. A reasonable-minded jurist would know Busbee was homeless and one does not become homeless just from the use of marijuana. *Id.* at PageID 1644.

3. A reasonable-minded jurist would know Tisdale was a dealer of cocaine or opiates or both. *Id.*

4. A reasonable-minded jurist would know why Petitioner was excluded from the jury instructions conference, i.e., to allow the trial judge to give an instruction under Ohio Revised Code § 2901.05(A) without objection. *Id.* at PageID 1645.

Juries are allowed to use their common sense and life experiences to interpret the evidence they hear, but appellate judges and habeas corpus judges are strictly limited to the evidence that is in the record. The record does not reflect that Tisdale was Busbee's drug dealer and a habeas corpus court cannot just suppose that to be the case or take the Petitioner's word for it.

---

[2] Petitioner has adopted this phrase from the test for granting a certificate of appealability.

5

Petitioner also complains that the Dayton Police could have done a more thorough investigation (Objections, ECF No. 29, PageID 1643). Petitioner offered no evidence in the state courts to show that if they had taken the steps he suggests, they would have found exculpatory evidence. And assuming they did not take those steps, it was certainly open to his counsel to argue to the jury that their failure to do so should leave the jury with reasonable doubt.

**Conclusion**

A jury heard the evidence in this case, including Martin's own testimony. They were, as the Second District found, properly instructed on self-defense under Ohio law. They rejected that defense, perhaps because of the testimony that Martin chased Tisdale as he was trying to escape and shot at the rear of Tisdale's car. A jury believed the State's version of events and Martin has shown no constitutional violation in the way the State's version was presented to the jury. Therefore it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 6, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.